IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MARTIN CHIKEREMA )
    Petitioner )
        ) Cause No. 1:18-cv-1012-TWP-MPB
        )
v. )
        )
UNITED STATES OF AMERICA )
    Respondent. )
_____/

ANSWER TO GOVERNMENT'S RESPONSE TO MOTION FOR POST-CONVICTION RELIEF

COMES NOW, Martin Chikerema, the Petitioner in the above cited action and answers the government's answer to motion for motion for post-conviction relief as follows:

The only argument that the government offers in its answer is that as the Petitioner has been released from Bureau of Prisons' custody he is no longer "in custody", and not entitled to 28 U.S.C. §2255 relief[1]. The argument is frivolous and contrary to well established §2255 precedent. While the Petitioner did file his original §2255 petition after he was released from federal prison, he was still "in custody" for purposes of §2255[2]. Further the Petitioner is in Pike County Correctional Facility being held on an immigration detainer[3]. The Petitioner's status on Federal Probation clearly meets the §2255 definition of "in custody". The government's request

---

[1] Govt. answer Doc. 10, P.2 L.17

[2] Although at time action is brought under 28 USCS 2255 petitioner is out of prison on parole, but still under supervision of probation authorities, he may still maintain 2255 action to have convictions vacated since at time action was brought he was considered in "custody"; fact that at time of appeal from partial denial of motion petitioner may be totally free does not affect appellate proceedings. *Ohrynowicz v United States* (1976, CA7 Ill) 542 F.2d 715, cert den (1976) 429 US 1027, 50 L Ed 2d 630, 97 S Ct 650; Defendant, though at liberty on probation following suspension of execution of sentence to imprisonment is "prisoner in custody" within meaning of 28 USCS 2255. *United States v De Gregory* (1963, ED Pa) 220 F Supp 249, affd (1965, CA3 Pa) 341 F.2d 277, 9 ALR3d 448, cert den (1965) 382 US 850, 15 L Ed 2d 89, 86 S Ct 96, reh den (1965) 382 US 933, 15 L Ed 2d 346, 86 S Ct 317; Person sentenced under Federal Youth Corrections Act (formerly 18 USCS 5005-5026) and released on probation, who is serving state sentence, is in federal custody so as to be eligible for relief under 28 USCS 2255. *United States v De Mario* (1965, ED Mich) 246 F Supp 786.

[3] Petitioner on federal probation and subject to federal detainer is "in custody" within meaning of 28 USCS 2255. *Paolino v United States* (1970, CD Cal) 314 F Supp 875

for dismissal, because the Petitioner is not "in custody" should be denied, because the Petitioner is clearly "in custody". The Petitioner's §2255 petition should be adjudicated by this Court on its merits. Further the "in custody" requirement only applies to the time that the Petitioner filed his §2255 petition[4], and again the Petitioner was clearly "in custody" when he filed the instant petition as he was on Federal Probation.

## CONCLUSION

WHEREFORE, based on the above, and the previous papers and motions filed in this case the Petitioner prays that this Honorable Court will deny the government's request for dismissal in their answer and allow the case to be adjudicated on its merits.

Submitted on this 15th day of September 2018

Martin M. Chikerema
Pike County Correctional Facility
175 Pike County Blvd
Lords Valley, PA 18428

---

[4] Petitioner was "in custody" at time he filed his petition under 28 USCS 2255, so that petition could be entertained, where petition for collateral relief was filed one day before petitioner was released from parole. *Addison v United States* (1979, CA5 Tex) 589 F.2d 252