UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARTIN CHIKEREMA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01012-TWP-MPB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Martin Chikerema for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice**.** In addition, the Court finds that a certificate of appealability should not issue**.**

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

On December 22, 2016, Mr. Chikerema was charged in an Information with one count of making and subscribing a false or fraudulent tax return, in violation of 26 U.S.C. § 7206(1). *United States v. Chikerema*, 1:16-cr-277-TWP-DML-1 ("Crim. Dkt.") Dkt. 1.

That same day, a petition to enter a plea of guilty and plea agreement was filed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Crim. Dkt. 6. In the plea agreement, Chikerema agreed to plead guilty to making and subscribing a false or fraudulent tax return. *Id.* at 1.

The plea agreement contained the following factual basis: Mr. Chikerema worked under his brother at a tax preparation business located in Indianapolis and operated under various names, including Express Tax, Community Income Tax, and M&V Enterprises. Crim. Dkt. 6, ¶ 17. Mr. Chikerema used the preparer firm names of Community Income Tax and Express Tax Services, along with the preparer names of Community Income Tax, Victor Chikerema, and Irene Chikerema, to submit the tax returns to the Internal Revenue Service. *Id.*

For at least tax years 2010 through 2013, Mr. Chikerema prepared and filed tax returns in which he included false information relating to the American Opportunity Tax Credit and the Earned Income Tax Credit. *Id.* These returns included his own. *Id.* In preparing and filing his own 2011 tax return with the IRS, the return was false as to a material matter. *Id.* Mr. Chikerema signed the return, which contained a written declaration that it was made under penalties of perjury. *Id.* When doing so, he knew (and acted willfully) that he had a legal duty to file a truthful tax return, but did not believe that the return was truthful as to a material matter. *Id.* As a result of preparing and filing others' and his own falsified tax returns, Mr. Chikerema caused at least $510,307 in loss to the Internal Revenue Service. *Id.* In some instances, without the

client's consent or knowledge, Mr. Chikerema had refunds resulting from the fraudulent returns deposited into his and his brother's bank accounts. *Id.* He willfully aided, assisted in, procured, counseled, and advised the preparation of income tax returns that were false as to material matters. *Id.* These returns were filed with the Internal Revenue Service, and he knew that the returns were false when he prepared them. *Id.*

Mr. Chikerema also admitted these facts at his change of plea hearing. Crim. Dkt. 28, p. 17- 20. Also as part of the plea agreement, Mr. Chikerema waived his right to file a direct appeal and, other than claims of ineffective assistance of counsel, waived his right to challenge his conviction or sentence in a post-conviction motion. *Id.* at pp. 17, 22, and 23. The parties agreed that the government would recommend a sentence within the guidelines range and Mr. Chikerema could request a lesser sentence. Crim. Dkt., ¶ 9. Mr. Chikerema agreed to pay $40,770 in restitution to the Internal Revenue Service. *Id.*, ¶ 15.

At his plea hearing, Mr. Chikerema declared that: he had read the entire plea agreement and discussed it with his attorney; he understood the terms of the plea agreement; no person had made any promises to him that he would receive a lighter sentence if he would plead guilty except as provided in the agreement; and that, he made no claim of innocence and was entering the agreement freely and voluntarily because he is guilty. Crim. Dkt. 28, p. 7. Mr. Chikerema further affirmed that he agreed to pay restitution in the amount of $40,770. *Id.* at 16.

At the end of the plea colloquy, the Court accepted Mr. Chikerema's plea, specifically finding that Mr. Chikerema was entering his plea knowingly and voluntarily and that it was supported by an independent basis of fact that contained each of the essential elements of the offense. *Id.*, p. 26.

After the Court accepted Mr. Chikerema's plea, it proceeded to sentencing. At the hearing,

counsel and Mr. Chikerema confirmed they had reviewed the presentence report and had no objections, noting one correction in Mr. Chikerema's family history. *Id.*, p. 27. The Court accepted the presentence report and its findings of fact. *Id*. Mr. Chikerema was sentenced to six months' imprisonment and one year of supervised release. Crim. Dkt. 24. The Court also ordered restitution in the amount of $40,770.00. *Id.*

Mr. Chikerema did not appeal his conviction or sentence. He then filed this motion for relief pursuant to 28 U.S.C. § 2255.

## II. Discussion

In support of his § 2255 motion, Mr. Chikerema asserts that his counsel was ineffective. In his first two grounds of ineffectiveness, Mr. Chikerema contends that his counsel failed to require the government to prove the elements of the offense. He contends that he did not understand that, to be convicted, he had to know that the tax return he filed was false. He also contends that his counsel was ineffective for failing to challenge the restitution amount.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* To satisfy the prejudice component, Mr. Chikerema must establish that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

A. *Grounds One and Two*

In Grounds One and Two, Mr. Chikerema contends that his counsel failed to attack an element of the offense and failed to prove that his conduct was willful.

Mr. Chikerema admitted at his plea hearing that he filed false tax returns and that when doing so, he knew (and acted willfully) that he had a legal duty to file a truthful tax return, but did not believe that the return was truthful as to a material matter. Crim. Dkt. 6, ¶ 17; Crim. Dkt. 28, pp. 19-20. Thus, his contention that he did not know the tax returns were false "is belied by his own statements at the change of plea hearing, which are presumed truthful." *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000); *see Hurlow v. United States*, 726 F.3d 958, 968 (7th Cir. 2013) ("[R]epresentations made to a court during a plea colloquy are presumed to be true.") (citation and internal quotation marks omitted); *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007) ("Defendants cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity."), *judgment vacated and remanded on other grounds*, 554 U.S. 911 (2008). Because Mr. Chikerema admitted at his plea colloquy that he willfully filed a false tax return, he cannot now obtain relief in this § 2255 action by arguing that he did not know the tax return was false or that the counsel did not require the government to prove the elements of the offense.

B. *Restitution*

Next, Mr. Chikerema argues that his counsel failed to challenge the restitution amount. But again, Mr. Chikerema agreed to the restitution amount in the plea agreement and at his plea and sentencing hearing. Dkt. 6 ¶ 15; Dkt. 28, pg. 16. He cannot now challenge the amount he agreed

to. Moreover, § 2255 may not be used to attack a restitution order. *Barnickel v. United States,* 113 F.3d 704, 705-06 (7th Cir.1997).

In reply in support of his § 2255 motion, Mr. Chikerema argues that he is subject to deportation based on the restitution amount assessed in this case because the restitution amount is based on relevant conduct that is not directly related to the crime for which he pleaded guilty and was convicted. He asks that the restitution order be "broken up to separate the convicted conduct from the relevant conduct." Dkt. 17, pg. 7. But, as the Court stated, restitution cannot be challenged in this § 2255 action. The Court notes that Mr. Chikerema may be able to challenge his eligibility for deportation through his immigration appeals or he may consider filing a petition for a writ of coram nobis to challenge the restitution. *See Barnickel*, 113 F.3d at 706.

### III. Conclusion

For the reasons explained in this Order, Mr. Chikerema is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Order shall now issue and the Clerk shall **docket a copy of this Order in No. 1:16-cr-00277-TWP-DML-1.** The motion to vacate (Crim. Dkt. 27) shall also be **terminated** in the underlying criminal action.

### IV. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Chikerema has failed to show that

reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

    **IT IS SO ORDERED.**

Date: 7/3/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARTIN CHIKEREMA
A 095 575 046
175 Pike County Blvd
Lords Valley, PA 18428

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov